UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HUNTER, et al., <br> Plaintiffs, <br> v. <br> DEPUTY SANDOVAL, et al., <br> Defendants. | Case No. 2:17-cv-09257-CJC (SHK) <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

### I.　BACKGROUND AND SUMMARY OF ORDER

On June 29, 2018, Plaintiff Christopher Hunter ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a First Amended Complaint ("FAC") against Los Angeles County Employees at the Twin Towers Correctional Facility ("TTCF"), Deputy Sandoval, Sergeant Benjamin, and Doe Defendants one through fifteen (collectively "Defendants"). Electronic Case Filing Number ("ECF No.") 11. Plaintiff, a prisoner at TTCF, sought to recover damages under the Federal Tort Claims Act ("FTCA") on behalf of himself and a potential class of ten other inmates for intentional infliction of emotional distress. Id.

On August 31, 2018, the Court issued an Order dismissing the FAC with leave to amend ("ODLA") on the following grounds: (1) Plaintiff could not maintain a class action lawsuit as a pro se litigant; (2) Defendants were improper

parties to an FTCA lawsuit; (3) Plaintiff failed to sufficiently allege an Eighth Amendment violation against Defendants in their individual or official capacities; and (4) Plaintiff failed to name the Doe Defendants. ECF No. 14, ODLA at 2-7. The Court granted Plaintiff an opportunity to file a Second Amended Complaint ("SAC") and included the following notice in the ODLA:

> Plaintiff is explicitly cautioned that failure to timely file a SAC will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders under Federal Rule of Civil Procedure 41(b).

Id. at 8. The Court instructed Plaintiff to file the SAC within twenty-one days of the order, i.e., by September 21, 2018. Id. at 7. Plaintiff, however, has not complied with the Court's notice and as of the date of this Order—nearly two months after the deadline—Plaintiff has not filed a SAC.

After Plaintiff failed to file a SAC by the deadline, the Court issued an Order to Show Cause ("OSC") requiring that, by October 25, 2018, Plaintiff satisfy one of the following requirements: "(a) advise the Court that he does not desire to pursue this action; (b) if plaintiff does desire to pursue this action, show good cause in writing, if any exists, why plaintiff has not timely filed with the Court his SAC, and why the Court should not recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's prior Order; or (c) file a SAC." ECF No. 16, OSC. The Court informed Plaintiff that the Court may deem Plaintiff's failure to comply with the OSC "a further violation of a Court order justifying dismissal," or "as further evidence of a lack of prosecution on Plaintiff's part." Id.

As of the date of this Order, Plaintiff has not complied with any of the above options in the Court's OSC. Considering Plaintiff's failure to prosecute this matter diligently and follow Court orders as discussed more fully below, the Court

**DISMISSES** Plaintiff's action, without prejudice, under Federal Rule of Civil Procedure 41(b) and Local Rule ("L.R.") 41-1.

## II. DISCUSSION

### A. Plaintiff's Action Is Dismissed For Failure To Prosecute And Follow Court Orders.

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted). It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986). Similarly, the Local Rules of the Central District of California permit courts to dismiss civil suits "which have been pending for an unreasonable period of time without any action." L.R. 41-1.

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

#### 2. Analysis

Here, four of the five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to respond to the Court's OSC, by filing a SAC or otherwise, hinders the complete development of the record and the issuance of, and ability to follow, orders that affect Plaintiff's ability to properly pursue this case. By failing to file a SAC or respond to the OSC, Plaintiff has foregone his second opportunity to cure the deficiencies in his pleading noted by the Court more than two months prior. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

The third factor—prejudice to Defendant—does not weigh in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). However, here, Defendants have not yet been served because the Court dismissed the FAC at the screening stage (i.e., before service on Defendants). Consequently, Defendants have not been prejudiced. Nevertheless, the other factors combine to weigh in favor of dismissal. Id. at 1452-53 ('[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (citation omitted)).

The fourth factor—public policy favoring deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not fulfilled his responsibility of timely amending the problems in his pleading—or, at minimum, keeping the Court apprised of his intentions by responding to the OSC—and has consequently prevented the progression of this action toward resolution. Under such circumstances, the policy which favors

resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his compliance with the Court's orders. Plaintiff's refusal to comply with this Court's Orders and the Local Rules compel a conclusion that Plaintiff is unwilling to continue prosecuting this action. Nonetheless, the Court is dismissing this claim without prejudice to afford Plaintiff another opportunity to properly pursue his legal claim. Consequently, no less drastic sanctions are available here.

Accordingly, because the Omstead factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed because Plaintiff has failed to diligently prosecute this action, and, consequently, has violated Court orders.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: 12/12/2018

HONORABLE CORMAC J. CARNEY
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

5